Filed 11/25/24  P. v. Winters CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE, | C099659 |
| Plaintiff and Respondent, | (Super. Ct. No. 10F00209) |
| v. | |
| JUNIUS D'ISSAC WINTERS, | |
| Defendant and Appellant. | |

In 2013, defendant Junius D'Issac Winters pleaded guilty to attempted murder and admitted the allegation that he committed the offense for the benefit of a street gang.  In 2022, defendant filed a petition for resentencing pursuant to Penal Code section 1172.6.[1]  The trial court denied the petition at the prima facie stage.  On appeal, defendant argues

---

[1]     Undesignated section references are to the Penal Code.  Defendant petitioned for resentencing under former section 1170.95.  Effective June 30, 2022, the Legislature renumbered former section 1170.95 as section 1172.6 without substantive changes.  (Stats. 2022, ch. 58, § 10.)  We refer to the current section throughout this opinion.

the trial court erred in finding him ineligible for relief as a matter of law. The People agree that the trial court erred, and that the matter should be remanded for the trial court to hold an evidentiary hearing. We will reverse the trial court's denial of the petition for resentencing and remand the matter for further proceedings.

## BACKGROUND[2]

Defendant and several other members from three affiliated gangs got into a mutual shootout with members of a rival gang. During the shooting, defendant fired his gun. An information, filed in 2010, charged defendant and two codefendants with "unlawfully, and with malice aforethought[,] attempt[ing] to murder [rival gang member E.A.]"[3] and alleged that they committed the offense for the benefit of a street gang. (§ 186.22, subd. (b)(1).) The information also alleged defendant personally used and discharged a firearm. (§§ 12022.5, subd. (a)(1), 12022.53, subds. (b) & (c).)

At the preliminary hearing, a detective, testifying as a gang expert, opined that defendant and other members of the same gang arrived at the scene of the shooting to "instill [. . .] fear and intimidation on the other gang to show that they are stronger than the other gang." That detective also testified that one witness said defendant and approximately eight other gang members arrived at the scene with the intent to fight the rival gang. Another detective testified that a different witness reported hearing between 15 and 20 gunshots fired during the shooting but he did not see who was actually shooting a gun. That witness also told the detective that defendant admitted being at the shooting and firing his weapon once, at a person he saw running up a staircase.

---

[2]     We take the factual background from the stipulated factual basis for the plea agreement as stated by the prosecutor at the plea hearing.

[3]     To protect his privacy, we refer to this individual by his initials. (Cal. Rules of Court, rule 8.90(b)(4).)

At trial, the jury was not instructed on the natural and probable consequences doctrine for attempted murder. Instead, it was instructed that a conviction for attempted murder required a finding that defendant intended to kill (CALCRIM No. 600). However, the jury did not reach a verdict on the charge and the proceedings ended in a mistrial due to a hung jury.

Before a retrial, in 2013, defendant pleaded guilty to attempted murder without premeditation or deliberation and admitted he committed the offense for the benefit of a street gang in exchange for the dismissal of all other allegations. Defendant stipulated to a factual basis for the plea as follows: "[defendant], along with several other gang members from [three affiliated gangs] entered an area [. . .] where they got into a mutual shootout with members of the [rival] street gang. ¶ All parties in the gang were illegally possessing firearms or were shooting at members of rival gangs. During the shooting [defendant] himself fired a firearm and did so for the benefit of and in connection with the [three affiliated gangs]." Defendant also stipulated the trial court could consider the information and preliminary hearing transcript as part of the factual basis. The trial court imposed an aggregate term of 17 years, comprised of the midterm of 7 years for attempted murder and 10 years for the gang enhancement.

In 2022, defendant filed a petition for resentencing pursuant to section 1172.6. The petition alleged: (1) an information was filed against him that allowed the prosecution to proceed under the natural and probable consequences doctrine; (2) he was convicted of attempted murder following a plea in lieu of trial, at which he could have been convicted of attempted murder; and (3) he could not be presently convicted of attempted murder because of changes to sections 188 or 189 made effective January 1, 2019. In their opposition, the People argued that the facts did not support a theory under the natural and probable consequences doctrine. Further, the People argued defendant's admissions that he committed attempted murder for the benefit of a street gang and

3

discharged a firearm equated to an admission that he was the actual perpetrator. The People also attached the plea hearing transcript and the jury instructions.

At the prima facie hearing, defendant argued the target offense under the natural and probable consequences doctrine could have been battery, discharging a firearm, or assault with a deadly weapon. Defense counsel also argued that even though the jury was not instructed on the natural and probable consequences doctrine at trial, the People would not have been precluded from proceeding under such a theory on retrial had defendant not pled to the offense. Taking the matter under submission, the trial court asked for time to review the preliminary hearing transcript. Defendant objected to the use of the preliminary hearing transcript.

In September 2023, the trial court found defendant was not, and could not have been, convicted of attempted murder under the natural and probable consequences theory. Because defendant and two codefendants were charged with the attempted murder of E.A. but only defendant was charged with personally and intentionally discharging a firearm, the court found the People's theory was that defendant shot E.A. Further, no other target offense was charged in connection with the shooting and the jury was not instructed on the natural and probable consequences theory. The court found the preliminary hearing transcript did not contain any facts that supported a theory of attempted murder under the natural and probable consequences doctrine. Lastly, the court found defendant's plea of guilty to attempted murder established that he acted with an intent to kill. The court thus denied defendant's petition for resentencing.

DISCUSSION

On appeal, defendant asserts the trial court erred in finding defendant failed to make a prima facie showing. Specifically, he asserts the record of conviction does not conclusively refute the allegations in defendant's petition. Further, defendant argues his stipulation to the preliminary hearing transcript as a factual basis for the plea did not equate to an admission of facts, and the trial court's consideration of hearsay statements

4

in the transcript was impermissible under section 1172.6, subdivision (d)(3). The People agree the trial court erred, arguing that even if the court properly considered the preliminary hearing transcript, the record of conviction does not demonstrate as a matter of law defendant's ineligibility for resentencing. We thus conclude the trial court erred in finding defendant ineligible for relief as a matter of law.

A.    *Legal Background and Standard of Review*

Section 1172.6, subdivision (a) provides that a person convicted of attempted murder under the natural and probable consequences doctrine may file a petition for resentencing and be resentenced if all of the following conditions apply:  (1) a complaint or information was filed against the petitioner that allowed the prosecution to proceed under a theory of attempted murder under the natural and probable consequences doctrine; (2) the petitioner was convicted of attempted murder following a trial or accepted a plea offer in lieu of a trial at which the petitioner could have been convicted of attempted murder; and (3) the petitioner could not presently be convicted of attempted murder because of changes to sections 188 and 189 made effective January 1, 2019. Section 1172.6 requires a prima facie determination, for which the threshold is very low. (§ 1172.6, subd. (c); *People v. Lewis* (2021) 11 Cal.5th 952, 972.)

In reviewing the record of conviction, the trial court should take the petition's allegations as true and refrain from engaging in factfinding, weighing evidence, or exercising discretion. (*People v. Lewis, supra*, 11 Cal.5th at pp. 971-972.) Neither should the court draw inferences or assess credibility. (*People v. Duchine* (2021) 60 Cal.App.5th 798, 816.) Rather, the court may deny a resentencing petition only if the petitioner is ineligible for relief as a matter of law. (*People v. Harden* (2022) 81 Cal.App.5th 45, 52.)

The record does not rebut defendant's allegations as a matter of law if "[i]t does not exclude the possibility that [defendant] was, or could have been, convicted under the imputed malice theories eliminated by Senate Bill No. 1437 (2017-2018 Reg. Sess.)."

5

(*People v. Flores* (2022) 76 Cal.App.5th 974, 991.) Further, the fact that evidence supports defendant's conviction on a valid theory does not mean the record conclusively establishes he could now be convicted on that theory beyond a reasonable doubt. (*People v. Duchine, supra*, 60 Cal.App.5th at pp. 814-815.)

We independently review a trial court's determination as to whether a petitioner has made a prima facie showing. (*People v. Harden, supra*, 81 Cal.App.5th at p. 52.)

B. *Analysis*

First, we must consider whether "[a] complaint, information, or indictment was filed against the petitioner that allowed the prosecution to proceed under a theory of . . . attempted murder under the natural and probable consequences doctrine." (§ 1172.6, subd. (a)(1).) That the information does not charge defendant with the target offense under the natural and probable consequences doctrine does not on its own render him ineligible for relief as a matter of law. (See *People v. Silva* (2021) 72 Cal.App.5th 505, 530.) In this instance, the information generically charged defendant with "unlawfully, and with malice aforethought" committing attempted murder, permitting the prosecution to proceed on a number of unarticulated theories of liability, which could include the natural and probable consequences theory. (See *People v. Davenport* (2021) 71 Cal.App.5th 476, 484 [" 'The allegation that a murder was committed " 'willfully, unlawfully, and with malice aforethought' " ' is a well-recognized way of charging murder in [a] generic sense,' " which "does 'not limit the People to prosecuting [defendant] on any particular theories' "].) At the time he was charged and at the time of his guilty plea, to be liable for attempted murder under the natural and probable consequences doctrine, "it [was] only necessary that the attempted murder 'be committed by one of the perpetrators with the requisite state of mind.' " (*People v. Favor* (2012) 54 Cal.4th 868, 879.) And the fact that the information alleged defendant personally used a firearm did not conclusively establish his ineligibility. (Cf. *People v. Jones* (2003) 30 Cal.4th 1084, 1120 ["The finding of personal use . . . would not in itself prove defendant was the actual

6

killer"]; *People v. Offley* (2020) 48 Cal.App.5th 588, 598 [explaining that a firearm enhancement "does now establish that the defendant acted with malice aforethought"].) Thus, the information would have allowed the prosecution to proceed on a theory of attempted murder under the natural and probable consequences doctrine.

Second, we consider whether the petitioner accepted a plea offer in lieu of a trial at which the petitioner could have been convicted of attempted murder. (§ 1172.6, subd. (a)(2).) At the time defendant entered his guilty plea to attempted murder in lieu of proceeding to a retrial on that charge, the law permitted him to be convicted of attempted murder based on a finding of imputed malice under the natural and probable consequences doctrine, i.e., on a theory that he participated in a gang assault, the natural and probable consequence of which was attempted murder committed by one of the coparticipants in that assault. (See, e.g., *People v. Montes* (2021) 71 Cal.App.5th 1001, 1008 [the defendant was convicted of attempted murder based on his participation in the target offense of assault "because the perpetrator . . . intended to kill and the perpetrator's attempted murder was a natural and probable consequence of [the]. . . assault"].) And, regardless of the theory the People pursued in the initial trial, once the jury deadlocked, the People were entitled to retry defendant on any theory supported by the evidence. Thus, at a retrial, defendant could have been convicted under a natural and probable consequences theory.

Third, we consider whether "[t]he petitioner could not presently be convicted of murder or attempted murder because of changes to Section 188 or 189 made effective January 1, 2019." (§ 1172.6, subd. (a)(3).) Based on the amendments to section 188, subdivision (a)(3) that went into effect January 1, 2019, the law permitting a defendant to be convicted of attempted murder based on the perpetrator's intent to kill has been repudiated and "[m]alice shall not be imputed to a person based solely on his or her participation in a crime." (Stats. 2018, ch. 1015, § 2.) Thus, the People are now required to prove that defendant *himself* harbored the requisite mental state for attempted

murder—express malice.  (See *People v. Smith* (2005) 37 Cal.4th 733, 741 [the mental state required for attempted murder is "intent to kill or express malice"].)  Here, the stipulated factual basis of the plea as stated by the prosecutor is devoid of any indication defendant possessed such intent.  Rather, the stipulated factual basis leaves open the possibility defendant committed assault with a deadly weapon but that the requisite malice for attempted murder from one of the several other gang members was imputed to him.  Although defendant stipulated that he discharged his firearm, he did not stipulate to firing it at anyone or doing so with any particular intent.  He further stipulated he and several gang members from three affiliated gangs got into a mutual shootout with another gang and all participants possessed illegal firearms or shot at rival gang members.  The requisite intent could have been imputed to defendant from any of the other participants.  As discussed, *ante*, because defendant was generically charged with attempted murder, defendant's guilty plea does not constitute an admission that he acted with an intent to kill.  (*People v. Eynon* (2021) 68 Cal.App.5th 967, 977.)

Finally, we need not decide here the extent to which a trial court may rely on a preliminary hearing transcript at the prima facie stage because the transcript does not conclusively establish defendant acted with an intent to kill.  As the People concede, the evidence presented at the preliminary hearing could have supported a theory that defendant participated in the target offense of assault with a deadly weapon for the benefit of his gang, with the nontarget offense of attempted murder arising as the natural and probable consequence.  Because nothing in the record conclusively refutes defendant's eligibility for relief, we conclude defendant established a prima facie case for relief under section 1172.6.

DISPOSITION

The trial court's order denying defendant's petition is reversed, and the matter is remanded for further proceedings. The trial court shall issue an order to show cause and hold an evidentiary hearing on defendant's petition for resentencing.

_____\\s\\_____,
Krause, J.

We concur:

_____\\s\\_____,
Mauro, Acting P. J.

_____\\s\\_____,
Mesiwala, J.